**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Daniel Blink,  )  )  Plaintiff,  )  )  v.  )  )  Union Pacific Railroad Company,  )  )  Defendant.  )  )  ) | Case No: **1:25-cv-07521**  Hon. Judge Georgia N. Alexakis |

**DEFENDANT UNION PACIFIC'S REPLY BRIEF IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Union Pacific Railroad Company, by and through its undersigned counsel, Laura Balson and Ben Rowley of Constangy, Brooks, Smith & Prophete, LLP, and for its Reply Brief in Support of its Partial Motion to Dismiss Count III of the Complaint filed by Plaintiff, Daniel Blink, Union Pacific states as follows:

**INTRODUCTION**

Plaintiff's attempt to reposition Union Pacific's Rule 12(b)(6) Motion to Dismiss as a Rule 56 motion for summary judgment misidentifies the actual issue in this matter and highlights the weakness in his argument. To begin with, **Plaintiff's response brief does not once address Union Pacific's primary argument –** that Plaintiff's failure to accommodate claim arose on April 30, 2021, the first time that he allegedly experienced an adverse employment action. Even more notably, Plaintiff's EEOC Complaint, attached to Defendant's Motion to Dismiss, alleges that the discrimination began on January 16, 2021 – the date of Plaintiff's initial injury. Plaintiff did not file his EEOC charge until March 16, 2023, more than two years later. Plaintiff's response brief does not address either of these points.

1

Instead, Plaintiff's response attempts to shift focus away from the statute of limitations argument (presumably because the timeline does not support Plaintiff's claim that his EEOC charge was timely) by arguing that Defendant improperly included evidence outside of the pleadings. Plaintiff's argument that this Court should not examine the exhibits attached to Union Pacific's Motion to Dismiss fails to acknowledge that the Seventh Circuit explicitly recognizes an exception to this rule to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents.

Defendant's Motion to Dismiss falls squarely within this exception because Plaintiff's Complaint omits multiple key dates critical to the statute of limitations analysis. First, Plaintiff's Complaint fails to acknowledge that Union Pacific first placed Plaintiff on work restrictions on April 30, 2021, and second, the Complaint fails to include any mention of the April 26, 2022 conversation where Plaintiff learned of Union Pacific's decision to make the already-in-place work restrictions permanent. These omissions are the exact type of artful pleading exercises that the exception is designed to prevent because they are central to the outcome of Plaintiff's claim and without them this Court cannot make a fully informed ruling on the pleadings.

## ARGUMENT

### I.      Plaintiff's Failure to Accommodate Claim is Untimely

The 300-day limitations period for filing an EEOC charge commences at the time that an employment decision was made and communicated to employee. Civil Rights Act of 1964, § 706(d)(1), 42 U.S.C.A. § 2000e–5(e)(1). A materially adverse employment action is one which visits upon a plaintiff a significant change in employment status. *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016). An employee being placed on medical leave is an example of a materially adverse employment action that first triggers the 300 day EEOC filing statute of limitations (even

when the employee experiences subsequent adverse employment actions). *Duignan v. City of Chicago*, 275 F. Supp. 3d 933, 937 (N.D. Ill. 2017).

The Court in *Duignan* found that that Plaintiff had sufficient notice of a materially adverse employment action when she was placed on medical leave by her police department after suffering from paranoid delusional state. *Duignan*, 275 F. Supp. at 934. The Police Department filed charges with the Police Board based on Plaintiff's misconduct at the same time that Plaintiff was placed on leave. *Id*. Although the Police Board dropped the charges against Plaintiff, the Court found that Plaintiff's employer explicitly and overtly communicated to Plaintiff that she was unfit for duty. *Id*. Following a second complaint by her employer to the Police Board, Plaintiff filed an EEOC charge. *Id*. The Court held that, because she had already been placed on and remained on medical leave, nothing in Plaintiff's complaint suggested that the pendency of the second charges had any effect on her employment status – rendering her EEOC charge untimely. *Id*. at 937. The takeaway from *Duignan* is that initial removal from service, even if it is not permanent, starts the clock for an EEOC statute of limitations window because it is an adverse employment action.

Similarly, here, Plaintiff's employment status did not change following the April 30, 2021 determination that he should be removed from service and placed on medical leave. Plaintiff remained on medical leave from that point on, and while he was informed that his medical leave became permanent on April 26, 2022, the permanency of his medical leave did not materially impact his employment status under the *Duignan* analysis – he was on medical leave both before and after the leave became permanent.

Plaintiff's response brief does not address Union Pacific's argument that *Duignan* applies here, and instead cites to *Flannery* in support of his argument that a discrimination claim begins only when 1) the employer makes a final, non-tentative decision, and 2) the employer gives the

employee "unequivocal notice of its final" decision. *Flannery v. Recording Indus. Ass'n of Am.* 354 F.2d 632, 637 (7th Cir. 2004). *Flannery* is inapplicable to the facts in our case because it involved an employee's termination, rather than a materially adverse employment action such as medical leave.

**II.      Defendant's Motion to Dismiss Exhibits Were Properly Attached Because They Are Central to the Pleadings**

When moving under Rule 12(b)(6), a movant can rely on "only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The purpose of this exception is "to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus., Inc*., 300 F.3d 730, 735 (7th Cir. 2002).

The Seventh Circuit, in its *188 LLC* opinion, cites to the First Circuit's opinion in *Beddall v. State Street Bank* to explain its reasoning, which states that "while a plaintiff only is obliged to make provable allegations, the court's inquiry into the viability of those allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by her own admission the allegations rest." *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998). The *Beddall* Court reasoned that "any other approach would seriously hinder recourse to Rule 12 motions, as a plaintiff could thwart the consideration of a critical document merely by omitting it from the complaint." *Beddall*, 137 F.3d at 18.

The *Beddall* Court, and by extension the Seventh Circuit in *188 LLC*, acknowledge the necessity, in certain circumstances, of reviewing materials outside of the pleadings to correct omissions in the Complaint. Here, Plaintiff's Complaint omits several key dates that are critical to the pleadings and should be considered by the Court. First, in Plaintiff's EEOC Charge, attached

4

to the Motion to Dismiss as Ex. 4, Plaintiff's own allegations state that he began to experience discrimination on January 16, 2021, a full two years prior to filing his EEOC complaint. Second, Dr. Charbonneau's correspondence, attached to the Motion to Dismiss as Ex. 2, demonstrates that Plaintiff was fully aware of his permanent work restrictions following a phone conversation with Dr. Charbonneau on April 26, 2022. Similarly, the Health and Medical Service Status Update, attached to the Motion to Dismiss as Ex. 3, sets forth Plaintiff's work restrictions with an effective date of April 27, 2022. Each of these documents are critical to the pleadings because their omission prevents this Court from examining the full picture. The documents are likewise proper for a Rule 12(b)(6) Motion to Dismiss because, as the *Beddall* Court succinctly stated, "any other approach would seriously hinder recourse to Rule 12 motions." The purpose of a Rule 12(b)(6) Motion is to weed out claims without engaging in costly discovery – here, the documents attached to the Motion to Dismiss, which were in Plaintiff's possession well before Plaintiff filed his Complaint, demonstrate that Plaintiff's claim is time barred and should be dismissed.

### III.     Plaintiff's Counsel's Declaration Should be Stricken Because it is Not Based on the Declarant's Personal Knowledge

An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56. It is well established that personal knowledge includes inferences—all knowledge is inferential—and therefore opinions, but inferences and opinions must be grounded in observation or other first-hand personal experiences. *Id.* Here, counsel for the Plaintiff, who doesn't have personal knowledge of the facts of the case, cannot submit a sworn declaration for the Court to rely on regarding when Plaintiff allegedly received a letter. To the extent that this Court allows Plaintiff's Counsel's Declaration to

5

enter into the record, the letter clearly states that Plaintiff's work restrictions began on April 27, 2022, more than 300 days before he filed his EEOC charge.

## IV. Equitable Tolling is Not Appropriate for Plaintiff's Claim

Plaintiff is not entitled to equitable tolling. Equitable tolling is only appropriate if a reasonable person in the Plaintiff's position would not have been "aware of the possibility of a claim of discrimination" at the time of the adverse employment action. *Haynes v. Indiana Univ.*, 902 F.3d 724, 731 (7th Cir. 2018). While Plaintiff correctly states that "a plaintiff may toll the statute of limitations if, despite all due diligence, he is unable to obtain enough information to conclude that he may have a discrimination claim," (*Sharp Thelen v. Marc's Big Boy*, 64 F.3d 264, 268 (7th Cir. 1995)), here, Plaintiff possessed more than enough information that he may have a discrimination claim well in advance of actually filing his EEOC charge.

Plaintiff's argument that he was not made aware that he had a discrimination claim until February 2023 is undercut by his own EEOC charge, which lists the date when his alleged discrimination began as January 16, 2021. Likewise, his argument that he was somehow unaware of his work restrictions until February 2023 ignores the multiple instances in which Plaintiff alleges that Union Pacific refused to return him to work, including on January 16, 2021, when Plaintiff's injury allegedly occurred, and April 30, 2021, when Plaintiff was first placed on work restrictions. The argument also conveniently omits the April 26, 2022, conversation where Plaintiff was informed of his permanent work restrictions by Dr. Charbonneau, and the April 27, 2022 letter that informed him of his permanent work restrictions.

Each of these four instances alone could be considered adverse employment actions for the sake of placing Plaintiff on notice to a potential discrimination claim. Combined, these four instances are more than sufficient to make a reasonable person in Plaintiff's position aware of the

possibility of a claim of discrimination. And yet, Plaintiff took no action until March 16, 2023, a full year after the final adverse employment action and three full years after he claims he first began to experience discrimination. As the Seventh Circuit noted in *Cada v. Baxter Healthcare Corp.* when it denied a Plaintiff's request for equitable tolling, "an EEOC complaint can be prepared within days." *Cada v. Baxter Healthcare Corp.* 920 F.2d 446, 452 (7th Cir.1990). Accordingly, the equitable tolling doctrine should not apply to Plaintiff's claim.

## Conclusion

For the reasons set forth herein, Defendant, Union Pacific Railroad Company respectfully requests that this Honorable Court dismiss Count III of Plaintiff's Complaint in its entirety.

Dated: September 23, 2025          Respectfully Submitted,

BY: */s/* Laura Balson

Laura Balson (#6291377)
Benjamin Rowley (#6343483)
Constangy, Brooks, Smith & Prophete, LLP
20 N. Wacker Drive Ste. 4120
Chicago, Illinois 60606
773.661.4710
lbalson@constangy.com
browley@constangy.com

*Counsel for Defendant Union Pacific Railroad Company*

7

**CERTIFICATE OF SERVICE**

I, Stacy Wallace, a non-attorney, hereby certify that on this 23rd day of September, 2025, I

Caused the foregoing, **Defendant Union Pacific's Reply Brief in Support of Its Partial Motion**

**to Dismiss Plaintiff's Complaint,** to be electronically filed with the Clerk of the Court using the

CM/ECF system, which shall send notification of such filing to the following counsel of record:

Paul J. Nicholas
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
lukas@nka.com

James H. Kaster
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
kaster@nka.com

Lucas J. Kaster
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
lkaster@nka.com

Anthony S. Petru
5335 College Ave., Suite 5A
Oakland, CA 94618
petru@hmnlaw.com

Gavin S. Barney
5335 College Ave., Suite 5A
Oakland, CA 94618
barney@hmnlaw.com

/s/  Stacy Wallace

8