UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL BLINK,

                Plaintiff,

        v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

No. 25 CV 07521

Judge Georgia N. Alexakis

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Blink is an employee of defendant Union Pacific Railroad Company. He believes that Union Pacific violated the Americans with Disabilities Act by imposing work restrictions on him because of his under-control seizure disorder. He brings three claims under the ADA, one of which Union Pacific has moved to dismiss. As explained below, the Court grants Union Pacific's motion.

## I.   Legal Standard

A complaint must contain "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must allege facts sufficient to state a facially plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the complaint's "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At this stage, the Court assumes that the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). But the Court need not ignore factual allegations that undermine the plaintiff's claim. *See, e.g.*, *Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir. 1994). And "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, "[i]t is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

## II.  Background

Blink was hired by Union Pacific Railroad in 2011. [1] ¶ 26. Most recently, he worked as a trainman and brakeman, with his home terminal in the Butler, Wisconsin, railyard. *Id.* ¶ 27. He has suffered two seizures in his life: one as a child, and another in 2012. *Id.* ¶ 29. Since 2012, Blink has kept his seizure condition under control using anti-seizure medication, and his treating physicians have determined that his seizure risk is no greater than the general public's. *Id.* ¶¶ 29–30.

But in 2021, Blink had a stroke. *Id.* ¶ 31. Even though his doctors cleared him to return to work with no restrictions, Union Pacific did not let him. *Id.* ¶¶ 31–32. It instead initiated a fitness-for-duty evaluation, wherein it reviewed Blink's medical records, including records of his stroke and his seizure treatment. *Id.* ¶ 33.

Nearly two years later, Blink received a letter dated May 17, 2022, but postmarked February 17, 2023. *Id.* ¶¶ 34–35. That letter informed Blink that he was subject to several permanent work restrictions that effectively prevented him from

2

returning to work. *Id*. ¶¶ 34, 36. Blink filed a charge with the Equal Employment Opportunity Commission less than a month later, and the EEOC issued a right-to-sue letter on April 8, 2025. *Id*. ¶¶37–38.

This lawsuit soon followed. Blink brings three claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–117: (1) disparate treatment under section 102(a), 42 U.S.C. § 12112(a); (2) disparate impact under section 102(b)(6), 42 U.S.C. § 12112(b)(6); and (3) failure to accommodate under section 102(b)(5), 42 U.S.C. § 1211(b)(5). [1] ¶¶ 39–60. Union Pacific has moved to dismiss only the third claim. [19] at 1.

## III.  Analysis

Union Pacific argues that the Court should dismiss Blink's failure-to-accommodate claim because it is time barred and because it fails on the merits. The Court will address each argument in turn, but, because Union Pacific's arguments rely on evidence outside the complaint, the Court will first determine whether to consider that evidence.

### A.  Consideration of Extrinsic Evidence

At the threshold, Union Pacific would like the Court to consider three documents outside the complaint. [19] at 3–4; [30] at 4–5. "Generally, a district court cannot consider evidence outside the pleadings to decide a motion to dismiss without converting it into a motion for summary judgment." *See Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). There are

3

three exceptions to this general rule: "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

### 1.   Exhibits 2 and 3

The Court declines to consider Exhibits 2 and 3 for purposes of this motion. Exhibit 2 is a Union Pacific internal memorandum documenting a telephone call. [20] at 15–19. Exhibit 3 is a Union Pacific internal memorandum documenting a fitness-for-duty determination. [20] at 21–22. Neither of these documents are attached to the complaint or referred to in it. *See generally* [1]. Nor are they properly subject to judicial notice. Courts "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). Union Pacific's proffered memoranda do not satisfy these criteria. *See O'Neill v. U.S. Dep't of Just.*, No. 06C0671, 2007 WL 1521530, at *2 (E.D. Wis. May 23, 2007) (documents that are "proper subjects of judicial notice" reflect "obvious facts" or are "publicly available") (citing *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003)).

Union Pacific makes much of the fact that the exceptions allowing consideration of outside evidence exist "to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." [30] at 4–5 (quoting *188 LLC v. Trinity Inus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). But the

exceptions' purpose is irrelevant where, as here, the documents in question plainly fail to satisfy the exceptions' explicit criteria.

### 2. Exhibit 4

The Court may consider Exhibit 4, which is a copy of Blink's EEOC charge that the Wisconsin Equal Rights Division forwarded to Union Pacific. [20] at 24–29. Blink's EEOC charge is central to and referred to in his complaint. *See* [1] ¶ 37. It is therefore excepted from the general rule that district courts may not consider evidence outside the pleadings to decide a motion to dismiss. *See Williamson*, 714 F.3d at 436.

### B. Timeliness

Union Pacific asks the Court to dismiss Blink's failure-to-accommodate claim because, Union Pacific believes, Blink's EEOC charge was untimely. [19] at 4–6. A plaintiff complaining of disability discrimination in Wisconsin must first file a charge with either the EEOC or the Equal Rights Division of the state's Department of Workforce Development within 300 days of the alleged discrimination. *See Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1002 n.3 (7th Cir. 2000) (citing 42 U.S.C. § 2000e-5(e)); 42 U.S.C. § 12117(a) (incorporating Title VII's procedures into the ADA). Blink alleges that he filed an EEOC charge that was received by the EEOC on March 16, 2023. [1] ¶ 37. Exhibit 4 to Union Pacific's motion to dismiss corroborates that date.[1] [20] at 27.

---

[1] The complaint alleges that the charge was filed on March 13 and accepted as filed on March 16. [1] ¶ 37. Exhibit 4 shows that the charge was signed and received by the ERD on March 16, 2023. [20] at 27. Whether the charge was filed on March 13 or March 16 is inconsequential to the analysis, so the Court will treat March 16 as the filing date.

So, for Blink's charge to be timely, he must allege discrimination in the 300-day window preceding March 16, 2023. Union Pacific says Blink's claim accrued outside that window: either when Union Pacific placed Blink on leave pending his fitness-for-duty evaluation on April 30, 2021, [19] at 4, or when Union Pacific told Blink about his permanent work restriction on April 26, 2022, *id.* at 5. Blink says his claim accrued when Union Pacific told him about his permanent work restriction but argues that it did so not on April 26, 2022, [19] at 5, but on February 17, 2023, [28] at 4; [1] ¶ 35. The Court agrees with Blink.

For an employer's decision to start the 300-day clock, it must be "'final, ultimate, and non-tentative,' and the employee must receive 'unequivocal notice' of it." *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 456 (7th Cir. 2018) (quoting *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011)). Here, Blink alleges that he first learned that he was subject to permanent work restrictions in a letter postmarked February 17, 2023, [1] ¶ 35, which is easily within the 300-day charging window. *Cf. Anderson v. Liles*, No. 06 C 4229, 2011 WL 3273132, at *3 (N.D. Ill. July 29, 2011) ("[A] notice of termination is effective when received, not on the date it was mailed.").

Union Pacific relies on *Duignan v. City of Chicago*, 275 F. Supp. 3d 933 (N.D. Ill. 2017), to argue that Blink's claim accrued when Union Pacific placed him on leave pending his fitness-for-duty evaluation on April 30, 2021. [19] at 4–5; [30] at 2–4. In *Duignan*, the plaintiff, a detective for the Chicago Police Department, engaged in conduct that led the Superintendent of Police to file Police Board charges against her.

6

275 F. Supp. at 935. After the misconduct but before the charges were filed, the plaintiff was diagnosed with acute psychosis delusional disorder and went on medical leave. *Id.* at 935, 937. The Board eventually determined that her illness caused her alleged misconduct, so the Department referred her for psychological evaluation. *Id.* at 935–36. The evaluating psychologist determined that the plaintiff was unfit for duty. *Id.* at 936. About six months later, the Superintendent filed a second charge with the Police Board; it was unresolved when the court issued its opinion. *Id.* *Duignan* held that the plaintiff's claim accrued when the psychologist found the plaintiff unfit for duty, not when the Superintendent filed the second charge. *Id.* at 937. It reasoned that the second charge, being unresolved, had no effect on plaintiff's employment status and could not be the basis of a discrimination claim. *Id.*

Union Pacific's reliance on *Duignan* is misplaced. It contends that, because Blink has been on medical leave since he went on leave pending his fitness-for-duty evaluation, his employment status has not changed since that time. [19] at 4. But *Duignan* supports the opposite conclusion. There, the district court held that the plaintiff's claim accrued when the psychologist determined that she was unfit for duty—not when she went on medical leave more than a year earlier. *See Duignan*, 275 F. Supp. at 937. It was thus plaintiff's notice of the formal determination, not the leave preceding that determination, that started the 300-day clock.

The analogous date here is when Blink learned that Union Pacific had formally subjected him to permanent work restrictions. And, as alleged, that date is comfortably within the 300-day window preceding Blink's EEOC charge. [1] ¶¶ 35,

37. The date on which Blink began the leave preceding that determination is irrelevant, just as it was in *Duignan*.

The Court likewise rejects Union Pacific's contention that Union Pacific told Blink about his permanent work restriction on April 26, 2022, [19] at 5, as there is nothing in the complaint supporting that contention.[2] *See* [1]; *see also U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("Complaints need not anticipate or attempt to defuse potential defenses. … A litigant my plead itself out of court by alleging … the ingredients of a defense … , but this complaint does not do so.").

### C.    Failure-to-Accommodate Claim

Union Pacific also believes that Blink's failure-to-accommodate claim should fail on the merits since Blink "essentially alleg[es] that he does not require any accommodation." [19] at 7. On this point, the Court agrees with Union Pacific.

The ADA requires employers to reasonably accommodate "the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). The Seventh Circuit has held that, to state a failure-to-accommodate claim under the ADA, a plaintiff must allege: (1) he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013).

---

[2] Union Pacific relies for this argument on Exhibits 2 and 3 to its motion to dismiss, [19] at 5–6, which, as discussed above, the Court will not consider for purposes of this motion.

That formulation, however, does not give courts license to dispense with the statutory text. *See id.* The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities … ; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102. But the ADA only requires employers to reasonably accommodate "the known physical or mental limitations" of individuals with disabilities who are "*otherwise* qualified." 42 U.S.C. § 1211(b)(5)(A) (emphasis added). It "ensure[s] employment opportunities for 'disabled persons who are otherwise qualified for a job, but as a result of a disability are unable to perform the job's essential functions without reasonable accommodations.'" *Brumfield*, 735 F.3d at 632 (cleaned up) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 862 (7th Cir. 2005)). It follows that an employer is only required to provide accommodations to "an individual who is qualified on paper" but "requires an accommodation in order to be able to perform the essential functions of the job." *Id.* Similarly, an employer "is not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the 'regarded as' prong." 29 C.F.R. § 1630.9(e).

Here, Blink has not plausibly alleged that he requires an accommodation in order to be able to perform the essential functions of his job. To the contrary, he alleges that, "[t]hroughout his twenty-year career with Union Pacific, [he] performed his job ably," [1] ¶ 28, despite his seizure condition. According to Blink, his seizure condition is controlled, and "his treating physicians have determined that he is at no increased risk of seizure as compared to the general public." *Id.* ¶ 30. Even after

suffering a stroke in 2021, his doctors cleared him "to return to work without restrictions." *Id.* ¶ 31.

Indeed, Blink has not alleged any physical or mental limitations that prevent him from performing any essential functions of his job or that he needs any accommodation to perform those functions. This is not a circumstance where Blink was "qualified on paper" but "require[d] an accommodation." *Brumfield*, 735 F.3d at 632. Rather, Blink's complaint establishes the opposite: He did *not* require an accommodation, but Union Pacific *dis*qualified him on paper. *See* [1] ¶¶ 34, 36. These alleged facts decisively undermine Blink's failure-to-accommodate claim. *See* 42 U.S.C. § 12112.

Blink disagrees. He contends that he has pleaded a plausible failure-to-accommodate claim by alleging "that he was removed from service and given workplace restrictions and that, as a result of those restrictions, he has not been allowed to work in any capacity." [28] at 7. Blink did indeed make those allegations, but they do not amount to a plausible claim.

It is true, as Blink points out, that Rule 8 "does not require a plaintiff to plead a prima facie case of employment discrimination," and "whether he can prove each of the elements of his failure to accommodate claim … is a question properly left for a motion for summary judgment." *Id.* But that is because the terms "proof" and "prima facie case" relate to the production of evidence, not to the adequacy of pleading. *See Prima Facie Case*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's

favor."). Blink still must plead facts that support a plausible inference that each of the statutory elements laid out by the Seventh Circuit can be satisfied. *See Brumfield*, 735 F.3d at 631 (listing the elements for a failure-to-accommodate claim at the pleading stage).

Blink also argues that he can sustain his failure-to-accommodate claim because he alleges that "he is an 'individual with a disability under the ADA, including any and all definitions of disability under 42 U.S.C. § 12102(1),'" not just that he "was only regarded as disabled." [28] at 7 (quoting [1] ¶¶ 39–40). But that allegation is a legal conclusion that the Court needn't credit as true. *See Iqbal*, 556 U.S. at 663. And, as explained above, it is undermined by the complaint's factual allegations. *See Thomas*, 31 F.3d at 559 ("He is not saved by having pleaded a legal conclusion … , for he has shown that it is inconsistent with the facts.").[3]

Because Blink has failed to plead a plausible failure-to-accommodate claim, the Court dismisses that claim without prejudice under Rule 12(b)(6).

## IV.  Conclusion

For the foregoing reasons, the Court grants Union Pacific's partial motion to dismiss. [19]. Count III is dismissed without prejudice.

Blink is granted leave to file an amended complaint by March 5, 2026 if he can cure the deficiencies the Court has identified while still complying with his Rule 11

---

[3] Blink advances one other argument that the Court will not address because it relies on one of the exhibits that the Court has excluded from consideration as explained earlier.

obligations. If Blink does not submit an amended complaint by March 5, 2026, the dismissal of Count III will automatically convert to a dismissal with prejudice.

ENTER:

_____

Georgia N. Alexakis
United States District Judge

Date: 2/12/2026

12